United States District Court
Southern District of Texas
**ENTERED**
March 19, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIMAR COROMOTO AMESTY MORALES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-0624 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Elimar Coromoto Amesty Morales ("Petitioner") brought this action against Martin Frink, Todd Lyons, and Kristi Noem (collectively referred to as "Respondents"), seeking a writ of habeas corpus.[1]  Pending before the court is Petitioner's Petition for Habeas Corpus (Docket Entry No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 6).  For the reasons explained below, Respondents' MSJ will be granted and Petitioner's Petition for Habeas Corpus will be denied.

### I. Background

On September 16, 2024, Petitioner, a citizen of Venezuela, presented herself at the Calexico West Port of Entry and requested

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition for Habeas Corpus"), Docket Entry No. 1, p. 1.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

asylum.[2]  On October 7, 2024, she was granted parole for one year and was released into the United States.[3]  On December 16, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement ("ICE") under § 1225(b)(2).[4]

On January 27, 2026, Petitioner filed a Petition for Habeas Corpus.[5]  Petitioner argues that her detention without a bond hearing violates (1) the Immigration and Nationality Act ("INA"), (2) substantive and procedural due process, and (3) 8 C.F.R. § 212.5(e)(2)(i).[6]

On February 4, 2026, the Respondents filed a motion for summary judgment opposing Petitioner's claims.[7]  Petitioner filed a reply on February 14, 2026.[8]

## II. Analysis

Respondents argue that Petitioner's Petition for Habeas Corpus must be denied because her detention is legal under § 1225(b)(2).[9]

---

[2] Id. at 2 ¶ 2.

[3] Id. at 14 ¶ 44.

[4] Id. at 2 ¶ 4.

[5] Id. at 1.

[6] Id. at 16-24.

[7] Respondents' MSJ, Docket Entry No. 6.

[8] Petitioner's Response in Opposition to Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 11.

[9] Respondents' MSJ, Docket Entry No. 6, p. 1.

Neither party disputes that the court has jurisdiction over Petitioner's Petition for Habeas Corpus.

**A.    Petitioner can be legally detained under § 1225(b)(2).**

As the Fifth Circuit explained in <u>Buenrostro-Mendez v. Bondi,</u> 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  <u>Id.</u> at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

**B.    Petitioner's detention does not violate due process.**

Citing <u>Zadvydas v. Davis,</u> 121 S. Ct. 2491 (2001), Petitioner argues that her detention without a bond hearing to determine whether she is a flight risk or danger to the community violates substantive due process.[10]  As explained in <u>Garcia De La Cruz v. Bondi,</u> Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  <u>Id.</u> at *2 (quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721-22 (2003)).

Petitioner also argues that her detention without a bond hearing to determine whether she is a flight risk or danger to the community violates procedural due process.[11]  However, "as an applicant for admission," Petitioner has "'only those rights

---

[10]Petition for Habeas Corpus, Docket Entry No. 1, p. 18 ¶ 57-58.

[11]<u>Id.</u>

regarding admission that Congress has provided by statute.'" <u>Singh v. Noem,</u> No. 1:26-CV-036-H, 2026 WL 306395, at *9 (N.D. Tex. Feb. 3, 2026) (quoting <u>Department of Homeland Security v. Thuraissigiam,</u> 140 S. Ct. 1959, 1983 (2020)).   Because § 1225(b)(2) does not say "'anything whatsoever about bond hearings'" and because it "'mandate[s] detention of applicants for admission until certain proceedings have concluded,'" Petitioner is not entitled to a bond hearing as a matter of procedural due process.   <u>Id.</u> (quoting <u>Jennings v. Rodriquez,</u> 138 S. Ct. 830, 842 (2018)).

**C.   Petitioner's detention does not violate 8 C.F.R. § 212.5(e)(2)(i).**

Petitioner states she was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A) and contends that her re-detention while on parole does not comport with 8 C.F.R. § 212.5(e)(2)(i) because she was not given the requisite notice required under the regulation.[12] However, as explained in <u>P. B. v. Bergami,</u> Civil Action No. 3:25-CV-02978-O, 2025 WL 3632752 (N.D. Tex. Dec. 13, 2025), Petitioner is required to exhaust her administrative remedies by petitioning the immigration court to adjudicate her claim that her detention violates 8 C.F.R. § 212.5(e)(2)(i) before seeking judicial relief. <u>Id.</u> at *6.   Although Petitioner correctly argues that the <u>Hurtado</u> decision prohibits the BIA from hearing bond requests,[13] "<u>Hurtado</u>

---

[12]<u>Id.</u> at 20–21 ¶ 62–64.

[13]<u>Id.</u> at 15 ¶ 49.

does not appear to prohibit complaints that her detention violates 8 C.F.R. § 212.5(e)(2)(i)." Id. Because Petitioner provides no evidence that she has petitioned the immigration court to adjudicate her claim, the court concludes that she has not exhausted her administrative remedies.

### III. Conclusion and Order

For the reasons explained above, Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**. The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 19th day of March, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE